IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES K. TRUEMAN, #A0133572, | CIVIL NO. 09-00449 ACK-LEK |
| Plaintiff, | TRANSFER ORDER |
| vs. | |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, CORRECTIONS CORPORATION OF AMERICA, WARDEN DARREN SWENSON, SUPERVISOR JASON JOHNSON, SUPERVISOR AVENA, SUPERVISOR MOLINA, J. VALENZURLA, and HILDAGO, | |
| Defendants. | |

## **TRANSFER ORDER**

Plaintiff James K. Trueman, a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1/] Plaintiff names individuals and agencies located in Hawaii and Arizona as Defendants, including

---

[1] The Hawaii Department of Public Safety ("DPS") entered into a contract with the Corrections Corporation of America ("CCA") for the confinement, custody and care of Hawaii inmates at SCC, as well as other mainland facilities, due to issues of overcrowding in Hawaii prisons.

the State of Hawaii, the Department of Public Safety, CCA, and SCC employees[2/] (collectively, "Defendants").[3/] Plaintiff's allegations that Defendants were deliberately indifferent and violated his due process rights in violation of the Eighth and Fourteenth Amendments stem from an alleged slip and fall that occurred on December 6, 2007, at SCC.

For the following reasons, the court finds that venue of this action in Hawaii is improper and that transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a). Accordingly, this action is **TRANSFERRED** to the U.S. District Court for the District of Arizona.

## I. LEGAL STANDARD

### A. 28 U.S.C. § 1391(b)

When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a

---

[2] Specifically, Plaintiff names Darren Swenson, SCC Warden; Supervisor Jason Johnson, SCC Food Service Coordinator; Supervisor Avena, SCC Assistant Food Service Coordinator; Supervisor Molina, SCC Food Service Coordinator; J. Valenzurla, a SCC Grievance Coordinator; and Hildago, a SCC Correctional Counselor.

[3] While making no finding on this issue, the court notes that the State of Hawaii and DPS are immune from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101-02 (1984) (Eleventh Amendment immunity extends to state agencies); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (holding that a state's department of corrections, is not considered a person under § 1983); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007) (same).

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, *if there is no district in which the action may otherwise be brought*. 28 U.S.C. § 1391(b) (emphasis added); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of Am.,* 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

**B.     28 U.S.C. § 1406**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II.  DISCUSSION

Plaintiff's Complaint arises from incidents allegedly occurring, and consequences of actions or omissions allegedly endured by Plaintiff, while he was incarcerated at SCC in Arizona.

As noted, a case may be brought in a district where any defendant resides, if all of the defendants reside in the same state, or in a district where a substantial part of the action underlying the allegations occurred. 28 U.S.C. § 1391(b). If *neither* of these subsections can be satisfied, the action may be

3

brought in another district where any defendant can be found. *See Lee*, 525 F. Supp. 2d at 1241 n.1. Because Defendants here appear to reside in Hawaii and Arizona, venue is determined by reference to § 1391(b)(2), where a substantial part of the events alleged took place, or failing that, to § 1391(b)(3), where any defendant can be found.

Substantiality of events is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (discussing propriety of venue under § 1391(a)(2)). To determine substantiality, the court looks to "the entire sequence of events underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001), and focuses on the defendants' (rather than the plaintiff's) actions. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

All of the actions that allegedly deprived Plaintiff of his constitutional rights occurred in Arizona. Plaintiff's claims against the Defendants from Hawaii arise from his allegations of injustices and injuries incurred in Arizona, and there

are no factual allegations in the Complaint showing that the State of Hawaii or DPS directed or participated in these alleged injustices or injuries. As such, the court finds that a substantial part of the actions or omissions alleged here occurred in Arizona, and therefore, venue is improper in the District of Hawaii. *See* 28 U.S.C. § 1391(b)(2).

Because venue in Hawaii is improper, the court examines whether the interests of justice require transfer rather than dismissal. 28 U.S.C. § 1406(a); *see, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). First, Plaintiff's Complaint appears to state a claim and could have been filed in the District of Arizona.[4/] Second, nothing suggests that Plaintiff brought this action in bad faith. Third, Plaintiff's pro se incarcerated status militates in favor of transfer rather than dismissal of this action. Fourth, if proven, Plaintiff's claims involve important rights under the Constitution and statutes of the United States, and should not be lightly dismissed. The interests of justice favor transfer of this case to the district where the significant events or omissions material to Plaintiff's claims occurred, witnesses may be found, there is easier access to the necessary evidence, and there is likely a local interest in Arizona in resolving Plaintiff's claims in light of the fact

---

[4] While making no finding on this issue, the court notes that Plaintiff's due process allegations based on SCC's grievance process appear to fail to state a claim because prisoners have no constitutional right to an inmate grievance system. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

that many Hawaii inmates are incarcerated there. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III. CONCLUSION

This action is TRANSFERRED to the U.S. District Court for the District of Arizona, Phoenix Division. All pending motions, including Plaintiff's application to proceed in forma pauperis, shall be TRANSFERRED. The Clerk of Court is DIRECTED to close the file and send any further documents received from Plaintiff to the United States District Court for the District of Arizona, Phoenix Division.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Trueman v. Hawaii, et al., 09-00449 ACK-LEK;* Transfer Order/pro se attorneys/Trsfr of Venue/Trueman 09-449 ACK (trsf to AZ - improper venue)