# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James K. Trueman, | No. CV 09-2179-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Hawaii, et al., | |
| Defendants. | |

Plaintiff James K. Trueman, who is confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the District of Hawaii. The District of Hawaii subsequently transferred the case to this District as the proper venue. This Court ordered Plaintiff to pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis*. (Doc.# 8.) Plaintiff has filed an *in forma pauperis* application, which the Court will grant. The Court will dismiss the Complaint with leave to amend.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $231.55. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights in connection with injuries he suffered after he slipped and fell at SCC. Plaintiff sues the following: the State of Hawaii; the Department of Public Safety for the State of Hawaii (DPS); and CCA. Plaintiff also sues the following CCA employees at SCC: Warden Darin Swenson; Food Service Co-ordinators Jason Johnson and Molina; Assistant Food Service Co-ordinator Avena; Grievance Co-ordinator J. Valenzuela; and Correctional Counselor Hidalgo. Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts in his Complaint: Plaintiff was an inmate employee in the SCC kitchen on December 6, 2007 under the supervision of Defendants Johnson, Molina, and Avena. These Defendants were "repeatedly made aware of the hazards that the Plaintiff faced daily, specifically working on a wet and slippery floor, without being properly outfitted with non-skid work boots." (Doc.# 1 at 3.) Defendants also posted a sign on their office door stating "'don't ask for boots or safety equipment.'" (Id.) That day, Plaintiff slipped and fell, injuring his back, which resulted in excruciating pain. Although Molina saw Plaintiff fall, he did not call for emergency medical assistance. Johnson, Molina, and Avena asked Plaintiff if he was all right. Plaintiff told them he was not, but they walked away without providing assistance.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Mere negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action);

see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. State of Hawaii and DPS

Plaintiff names the State of Hawaii and DPS as Defendants. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Hawaii has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. See Neal v. Shimoda, 131 F.3d 818, 832 n.17 (9th Cir. 1997). The State of Hawaii and its arms, such as the Department of Public Safety, also are not "persons" within the meaning of § 1983. See Pennhurst, 465 U.S. at 106; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996); see also Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the State of Hawaii and DPS will be dismissed.

### B. CCA

Plaintiff also sues CCA, a private corporation. Claims under § 1983 may be directed at "bodies politic and corporate." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 686, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipal corporations and other local government units to be included among those persons to whom § 1983 applies. Id. at 2035. That proposition has been extended to corporations that act under color of state law. See Sable Commc'ns of Cal. Inc. v. Pacific Tel. & Tel Co., 890 F.2d 184, 189 (9th Cir. 1989) (willful joint participation of private corporation in joint activity with state or its agent taken under color of state law).

There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or

(4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003). Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz, 276 F.3d 550, 554-555 (9th Cir. 2002). A privately owned corporation that operates prisons pursuant to a contract with a state performs a public function that is traditionally the exclusive prerogative of the state. Further, to state a claim under § 1983 against a private entity performing a traditional public function, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F. Supp.2d 316, 319 (D. Me 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982).

CCA performs a traditional public function, i.e., operating a prison. However, Plaintiff fails to allege facts to support that CCA promulgated or endorsed a policy or custom that resulted in the alleged violation of Plaintiff's federal constitutional rights. Rather, Plaintiff merely alleges that CCA failed to follow "their own guidelines, by not ensuring that their employees follow corporate and federal guidelines, and by not adhering to the contract made with the [S]tate of Hawaii." (Doc.# 1 at 5.) Essentially, Plaintiff predicates liability against CCA on *respondeat superior*. There is no *respondeat superior* liability under § 1983, so a defendant's position as the employer or supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make it liable. Monell, 436 U.S. at 691; Taylor, 880 F.2d at 1045. That is not a basis for liability under § 1983. Accordingly, CCA will be dismissed as a Defendant.

**C. Swenson**

Plaintiff also sues Warden Swenson. To state a claim against a defendant, a "plaintiff

must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). As noted in the preceding subsection, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell, 436 U.S. at 691; Taylor, 880 F.2d at 1045. A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Further, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636 at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323 at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff has not alleged facts to support that Swenson enacted or enforced a policy, custom, or practice that resulted in the violation of Plaintiff's constitutional rights. Further, Plaintiff has not alleged facts to support that Swenson directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Therefore, Plaintiff fails to state a claim against Swenson in the Complaint.

### D. Hidalgo and Valenzuela

Plaintiff alleges that Defendants Hidalgo and Valenzuela violated his Fourteenth Amendment rights by "hindering [his] due process rights to air his grievance" concerning the alleged failure to provide medical care after he fell. (Doc.# 1 at 4.) According to Plaintiff, they refused to "properly process" his grievance and "used delay tactics, intimidation,

obstruction and other methods to delay and prevent the Petitioner [sic] from processing and prosecuting his grievance." (Id. at 4, 5.)

Plaintiff may be attempting to allege a violation of the right to petition for redress of grievances. Inmates have a federal right to petition for redress of grievances and to file suit without being subjected to retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Thus, an inmate may state a federal constitutional violation where he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Further, although "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the right of meaningful access to the courts extends to established prison grievance procedures. Hall, 64 F.3d at 1279; Valandingham, 866 F.2d at 1138. The "government" to which the First Amendment guarantees a right to petition for redress of grievances includes prison authorities. Hall, 64 F.3d at 1279 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).

Plaintiff fails to allege *facts* to support that Defendants Hidalgo or Valenzuela denied him access to an available grievance procedure. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. Because Plaintiff makes only vague and conclusory assertions that Hidalgo and Valenzuela impeded his access to the grievance process, Plaintiff fails to state a claim against them.

**E.     Medical Care**

Plaintiff alleges that his constitutional right to medical care was violated. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

Plaintiff alleges that Defendants Johnson, Molina, and Avena failed to summon medical aid after Plaintiff fell, even after Plaintiff told them that he was not all right. Plaintiff also states that he "suffered an acute back injury, that requires constant medical

1 care." (Doc.# 1 at 3.) Plaintiff does not, however, describe the nature of his back injury or
2 facts to support that Defendants should have known that he required medical aid. For
3 example, Plaintiff does not allege whether he was able to get up after the fall, nor does he
4 allege whether he subsequently required medical treatment. Plaintiff also fails to specifically
5 allege facts to support that these Defendants' failure to summon medical aid resulted in
6 further significant injury or the unnecessary and wanton infliction of pain. The facts alleged
7 by Plaintiff also fail to support that these Defendants knew, or should have known, that the
8 failure to summon medical aid following Plaintiff's fall posed a substantial risk of serious
9 harm such that their failure to do so constituted deliberate indifference. For these reasons,
10 Plaintiff fails to state an Eighth Amendment claim for deliberate indifference to a serious
11 medical need.

### F. Unsafe Conditions

Plaintiff also in part appears to contend that Defendants Johnson, Molina, and Avena violated his Eighth Amendment rights by failing to provide him with non-skid work boots. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain...." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

Plaintiff has not sufficiently alleged facts to support that the failure to provide non-skid work boots was objectively "sufficiently serious" such that the failure to provide them rose to the level of deliberate indifference. See Gambrell v. Clark, No. , 2010 WL 1507080 at *2 (E.D. Cal. Apr. 14, 2010). Further, Plaintiff makes only conclusory assertions that the Defendants had been made aware of the slip and fall risks, but he fails to allege facts to

1 support when, how, and by whom they were made aware of such risks. Plaintiff states that
2 the kitchen floor was wet and slippery, but he does not adequately allege the frequency of
3 such conditions or that any prior falls due to those conditions. Plaintiff thus fails to
4 adequately allege facts to support that these Defendants knew of but disregarded an excessive
5 risk to his safety. Id. (citing Farmer, 511 U.S. at 835). Accordingly, Plaintiff fails to state
6 a claim for violation of his Eighth Amendment rights based on deliberate indifference to
7 unsafe conditions.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 9.)

1     (2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $231.55.

    (3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

    (4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

    (5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 15th day of June, 2010.

_____
Robert C. Broomfield
Senior United States District Judge