**WO**                                                                                                   SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James K. Trueman,<br>         Plaintiff,<br>vs.<br>State of Hawaii, et al.,<br>         Defendants. | No. CV 09-2179-PHX-RCB (DKD)<br><br>**ORDER** |

Plaintiff James K. Trueman, who is confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the District of Hawaii. The District of Hawaii subsequently transferred the case to this District as the proper venue. This Court dismissed the Complaint with leave to amend. (Doc. 11.) Plaintiff has filed a First Amended Complaint. (Doc. 17.) The Court will order Defendants Johnson, Avena, and Molina to answer Count II of the First Amended Complaint and will dismiss the remaining claim and Defendant.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**TERMPSREF**

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

Plaintiff alleges two counts for threats to his safety and denial of constitutionally adequate medical care. Plaintiff sues the following CCA personnel: Canteen Services Supervisors Jason Johnson, Unknown Avena, and Unknown Molina, and Warden Darin Swenson. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts in his First Amended Complaint: At relevant times, Plaintiff worked in the SCC kitchen under the supervision of Defendants Johnson, Molina, and Avena. These Defendants were "repeatedly made aware" of the hazards to

inmate workers, including Plaintiff, posed by the wet, slippery floor, but inmates were not provided non-skid work boots. Indeed, Defendants posted a sign on their office door stating "'don't ask for boots or safety equipment.'" (Doc. 17 at 3.) Warden Swenson was also aware of the hazardous condition "whenever he [came] through the kitchen during his inspections." (Id. at 3A.)

On December 6, 2007, Plaintiff slipped and fell on the dining room hall, injuring his back, which resulted in excruciating pain. Although Molina saw Plaintiff fall, Molina did not try to assist Plaintiff or call for emergency medical assistance. Although Plaintiff told Johnson, Molina, and Avena that he was not all right, they walked away without providing assistance. While suffering excruciating pain, and without assistance, Plaintiff went to the SCC medical unit, which could have resulted in further significant injury and the wanton and infliction of pain.

### III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Mere negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Swenson

Plaintiff again sues Warden Swenson. To state a claim against a defendant, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff

must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). There is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 686, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

The facts alleged against Swenson are vague and conclusory. Plaintiff does not allege facts to support that he ever informed Swenson of alleged hazards posed by working without non-skid boots or facts to support that Swenson knew, or should have known of such hazards, but acted with deliberate indifference to the hazard. At most, Plaintiff asserts that Swenson acted negligently by failing to alleviate potentially hazardous conditions faced by inmates working in the kitchen without being provided non-skid work shoes. Therefore, Plaintiff fails to state a claim against Swenson in the First Amended Complaint.

### B.   Unsafe Conditions

Plaintiff alleges that Defendants Johnson, Molina, and Avena violated his Eighth Amendment rights by failing to provide him with non-skid work boots. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain...." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d

1124, 1128 (9th Cir.1998).

Plaintiff has not sufficiently alleged facts to support that the failure to provide non-skid work boots was objectively "sufficiently serious" such that the failure to provide them rose to the level of deliberate indifference. See Gambrell v. Clark, No. , 2010 WL 1507080 at *2 (E.D. Cal. Apr. 14, 2010).  Further, Plaintiff makes only conclusory assertions that the Defendants had been made aware of the slip and fall risks; he fails to allege facts to support when, how, and by whom they were made aware of such risks.  Plaintiff states that the kitchen floor was wet and slippery, but he does not adequately allege the frequency of such conditions or the occurrence of any prior falls due to those conditions.  Plaintiff thus fails to adequately allege facts to support that these Defendants knew of but disregarded an excessive risk to his safety.  Id. (citing Farmer, 511 U.S. at 835).  Accordingly, Plaintiff fails to state a claim for violation of his Eighth Amendment rights based on deliberate indifference to unsafe conditions.

**IV.    Claim for Which an Answer Will be Required**

In Count I, Plaintiff alleges that Defendants Johnson, Avena, and Molina acted with deliberate indifference to his serious medical need.  He alleges that they failed to assist him or to summon medical aid after he fell and despite being told that he was injured.  Plaintiff alleges that he had to struggle to get to the medical unit and that he suffered and continues to suffer from lower back pain.  Plaintiff sufficiently alleges facts to state a claim against these Defendants and they will be required to respond to the First Amended Complaint.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count I and Defendant Swenson are **dismissed** without prejudice. (Doc. 17.)

(2) Defendants Johnson, Avena, and Molina must answer Count II.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 17), this Order, and both summons and request for waiver forms for Defendants Johnson, Avena, and Molina.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and the First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Each Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose

1  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
2  does not identify the specific Defendant by name on whose behalf it is filed.
3      (11)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
4  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
5  under 28 U.S.C. § 636(b)(1).

    DATED 4th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF

- 8 -