**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James K. Trueman, )<br>)<br>            Plaintiff, )<br>)<br>      vs. )<br>)<br>Jason Johnson, Unknown Avena, )<br>and Unknown Molina, )<br>)<br>            Defendants. )<br>_____) | No. CIV 09-2179-PHX-RCB(DKD)<br><br>O R D E R |

Currently pending before the court is a motion by plaintiff *pro se*, James K. Trueman, "requesting" the court's "assist[ance]" in "obtain[ing] the names and addresses of the defendants [Unknown Avena, Jason Johnson, and Unknown Molina] from Compass Group USA, Inc. d/b/a[] Canteen Correctional Services ["CCS"] for service of process[.]" Pl.'s Mot. (Doc. 33) at 1 (emphasis omitted). Obviously there has not been, nor will there be, any response by these as yet unserved defendants.  The court thus will proceed to resolve this matter based upon plaintiff's motion and the prior proceedings herein.

## ***Background***

In determining whether to grant an extension of time to serve under Fed.R.Civ.P. 4(m), this court "[e]ngag[ed] in the two-step analysis which the Ninth Circuit requires[.]" Ord. (Doc. 32) at 2:2-3 and at 6:6-7 (internal quotation marks and citation omitted). After so doing, on December 21, 2011, the court granted plaintiff sixty days from the date of that order, *i.e.*, or until February 19, 2012, in which to "conduct discovery for the limited purpose of ascertaining . . . the full names and . . . the addresses of" the three defendants identified above. Id. at 17:11-16. Additionally, the court required plaintiff "[w]ithin that sixty day time frame" to "file with the court a notice indicating either: (1) that he has ascertained the names of defendants and their addresses; (2) or that he has not." Id. at 17:16-19. Following the provision of those names and addresses, the court indicated that it would "issue an order directing service." Id. at 17:21.

Plaintiff has been unable to ascertain those names and addresses, despite having written "a letter to [CCS] requesting" that information. Pl.'s Mot. (Doc. 33) at 1, ¶ 1. Plaintiff claims that he was "told that they [the three unserved defendants] [are] **'no longer are employees for [CCS].'**" (emphasis in original). It is unclear as to when that letter was written and the response received, as plaintiff did not provide a copy of either. In any event, given CCS' purported response, plaintiff now claims to be "at [a] los[s] as to how [to] comply with" this court's prior order. Id. at 1, ¶ 2. Given that plaintiff filed the pending motion, setting forth his efforts in conducting the allowed discovery, within the 60 day time frame, the court finds that he

1  has complied with this court's prior order in terms of timely
2  notification.
3      The court further finds and **ORDERS** that plaintiff shall be
4  allowed to conduct limited discovery as follows:
5      (1) in accordance with Fed.R.Civ.P. 31, as modified by this
6  order, plaintiff may take the deposition by written questions of
7  Canteen Correctional Services, through its corporate parent, the
8  Compass Group;
9      (2) plaintiff shall be strictly limited to seeking from that
10 entity the **full names and the last known home addresses or**
11 **locations of defendants Unknown Avena; Jason Johnson; and Unknown**
12 **Molina**;
13     (3) plaintiff shall have **thirty (30) days** from the date of
14 entry of this order within which to serve and file his written
15 questions;
16     (4) within that same **thirty (30) day** time frame, plaintiff
17 shall also "deliver to the officer[,]" herein designated, *i.e.*, the
18 Electronic Court Recorder/Courtroom Deputy for this court, "a copy
19 of all the questions served[.]"  See Fed.R.Civ.P. 31(b).  That
20 officer shall then fully comply with Fed.R.Civ.P. 31(b) in its
21 entirety.  In that regard, if Canteen Correctional Services,
22 through its corporate parent, the Compass Group, deems it be more
23 expeditious to respond telephonically,[1] that can be arranged;
24     (4) regardless of the manner provided, defendants' home
25 addresses or locations shall be placed under seal with the court;
26     (5) when it appears to the court that the discovery which this

---

[1] This provision is included because Canteen Correctional Services' corporate headquarters is in North Carolina.

-3-

1 order permits has been completed, it shall issue an order directing
2 service;
3      (6) if plaintiff does not comply with the time frame herein
4 for commencing this limited discovery, this case shall be dismissed
5 "without prejudice," subject to any statute of limitations defense.
6      DATED this 12th day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

20 Copies to counsel of record and plaintiff *pro se*

-4-