WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James K. Trueman,              )
                               )
            Plaintiff,         )     No. CIV 09-2179-PHX-RCB(DKD)
                               )
        vs.                    )         O R D E R
                               )
Jason Johnson, Unknown Avena,  )
and Unknown Molina,            )
                               )
            Defendants.        )
_____)

    Currently pending before the court is a motion by plaintiff
*pro se*, James K. Trueman, "requesting" the court's "assist[ance]"
in "obtain[ing] the names and addresses of the defendants [Unknown
Avena, Jason Johnson, and Unknown Molina] from Compass Group USA,
Inc. d/b/a[] Canteen Correctional Services ["CCS"] for service of
process[.]" Pl.'s Mot. (Doc. 33) at 1 (emphasis omitted).
Obviously there has not been, nor will there be, any response by
these as yet unserved defendants.  The court thus will proceed to
resolve this matter based upon plaintiff's motion and the prior
proceedings herein.

### *Background*

1

2         In determining whether to grant an extension of time to serve

3   under Fed.R.Civ.P. 4(m), this court "[e]ngag[ed] in the two-step

4   analysis which the Ninth Circuit requires[.]" Ord. (Doc. 32) at

5   2:2-3 and at 6:6-7 (internal quotation marks and citation omitted).

6   After so doing, on December 21, 2011, the court granted plaintiff

7   sixty days from the date of that order, *i.e.*, or until February 19,

8   2012, in which to "conduct discovery for the limited purpose of

9   ascertaining . . . the full names and . . . the addresses of" the

10  three defendants identified above. Id. at 17:11-16.  Additionally,

11  the court required plaintiff "[w]ithin that sixty day time frame"

12  to "file with the court a notice indicating either: (1) that he has

13  ascertained the names of defendants and their addresses; (2) or

14  that he has not." Id. at 17:16-19.  Following the provision of

15  those names and addresses, the court indicated that it would "issue

16  an order directing service." Id. at 17:21.

17        Plaintiff has been unable to ascertain those names and

18  addresses, despite having written "a letter to [CCS] requesting"

19  that information.  Pl.'s Mot. (Doc. 33) at 1, ¶ 1.  Plaintiff

20  claims that he was "told that they [the three unserved defendants]

21  [are] **'no longer are employees for [CCS].'**" (emphasis in original).

22  It is unclear as to when that letter was written and the response

23  received, as plaintiff did not provide a copy of either.  In any

24  event, given CCS' purported response, plaintiff now claims to be

25  "at [a] los[s] as to how [to] comply with" this court's prior

26  order.  Id. at 1, ¶ 2.  Given that plaintiff filed the pending

27  motion, setting forth his efforts in conducting the allowed

28  discovery, within the 60 day time frame, the court finds that he

1  has complied with this court's prior order in terms of timely
2  notification.

3      The court further finds and **ORDERS** that plaintiff shall be
4  allowed to conduct limited discovery as follows:

5      (1) in accordance with Fed.R.Civ.P. 31, as modified by this
6  order, plaintiff may take the deposition by written questions of
7  Canteen Correctional Services, through its corporate parent, the
8  Compass Group;

9      (2) plaintiff shall be strictly limited to seeking from that
10  entity the **full names and the last known home addresses or**
11  **locations of defendants Unknown Avena; Jason Johnson; and Unknown**
12  **Molina**;

13     (3) plaintiff shall have **thirty (30) days** from the date of
14  entry of this order within which to serve and file his written
15  questions;

16     (4) within that same **thirty (30) day** time frame, plaintiff
17  shall also "deliver to the officer[,]" herein designated, *i.e.*, the
18  Electronic Court Recorder/Courtroom Deputy for this court, "a copy
19  of all the questions served[.]"  See Fed.R.Civ.P. 31(b).  That
20  officer shall then fully comply with Fed.R.Civ.P. 31(b) in its
21  entirety.  In that regard, if Canteen Correctional Services,
22  through its corporate parent, the Compass Group, deems it be more
23  expeditious to respond telephonically,[1] that can be arranged;

24     (4) regardless of the manner provided, defendants' home
25  addresses or locations shall be placed under seal with the court;

26     (5) when it appears to the court that the discovery which this

27

28     _____

[1]    This provision is included because Canteen Correctional
Services' corporate headquarters is in North Carolina.

order permits has been completed, it shall issue an order directing service;

(6) if plaintiff does not comply with the time frame herein for commencing this limited discovery, this case shall be dismissed "without prejudice," subject to any statute of limitations defense.

DATED this 12th day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*